UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRYAN DAVID DOMINGUEZ
GURRERO,

                    Petitioner,

          v.

KEN GENALO, *New York Field Office
Director, Enforcement and Removal
Operations, U.S. Immigration and Customs
Enforcement*, et al.,

                    Respondents.

**MEMORANDUM DECISION AND
ORDER**

26-cv-3371 (BMC)

**COGAN**, District Judge.

Petitioner Bryan David Dominguez Gurrero, a native and citizen of Ecuador, seeks a writ

of habeas corpus under 22 U.S.C. § 2241 ordering his immediate release from U.S. Immigration

and Customs Enforcement ("ICE") detention.  For the following reasons, the petition is granted

in part, to the extent that respondents shall provide petitioner with a bond hearing forthwith.

## BACKGROUND

Petitioner was apprehended by U.S. Customs and Border Protection ("CBP") on

April 2, 2014, near Laredo, Texas, after unlawfully entering the United States.  CBP

subsequently transported petitioner to a processing center in Pearsall, Texas, where it

issued him a Notice and Order for Expedited Removal (Form I-860) pursuant to 8 U.S.C.

§ 1225(b)(1).  On April 22, 2014, petitioner expressed a fear of returning to Ecuador, so

CBP submitted a fear referral package on his behalf to United States Citizenship and

Immigration Services ("USCIS").  See 8 U.S.C. § 1225(b)(1)(A)(ii) ("If an immigration

officer determines that an alien ... indicates either an intention to apply for asylum ... or a

fear of persecution, the officer shall refer the alien for an interview by an asylum officer[.]").

Petitioner received a credible fear interview with USCIS a week later, at which USCIS determined that petitioner possessed a credible fear of returning to Ecuador. Accordingly, petitioner's expedited removal order was vacated, and he was placed into removal proceedings under 8 U.S.C. § 1229a to adjudicate his asylum application.

On May 2, 2014, ICE issued petitioner a Notice to Appear (Form I-862) for removal proceedings. A month into removal proceedings, an immigration judge ordered petitioner released on bond of $4,000. Meanwhile, petitioner filed an asylum application. In February 2023, the Department of Homeland Security ("DHS") filed a motion to dismiss the removal proceedings, which the immigration judge granted. This resulted in the withdrawal of petitioner's asylum application.

In June 2025, petitioner pleaded guilty to driving while intoxicated, in violation of New York Vehicle and Traffic Law § 1192(2). On March 17, 2026, petitioner received a sentence of conditional discharge, an ignition interlock device, a $600 fine, and a 60-day concurrent license revocation. Petitioner also served about one month in local custody. On March 18, 2026, a day after petitioner was sentenced, ICE issued a Warrant for Arrest of Alien (Form I-200) and lodged a Request for Advance Notification of Release (Form I-247G) to the Suffolk County Correctional Facility (presumably, this is where ICE believed that petitioner was being held).

ICE eventually arrested petitioner on April 24, 2026 upon his release from custody at the Riverhead Correctional Facility, serving him with the Warrant for Arrest of Alien and a Notice to Appear for removal proceedings. ICE brought petitioner first to the

2

Nassau County Correctional Facility, then to the Delaney Hall Detention Facility, then to the Brooklyn Metropolitan Detention Center, where petitioner is currently held.

Petitioner, through counsel, appeared for removal proceedings on June 1, 2026. On June 5, petitioner submitted an asylum application. On June 8, the immigration judge denied petitioner's application and ordered him removed to Ecuador. Petitioner has until July 8, 2026 to appeal.

Petitioner seeks a writ of habeas corpus on the grounds that his detention violates, among other things, 8 U.S.C. § 1226(a) and his due process rights.[1]

## DISCUSSION

### I.   Legal Standard

Habeas corpus "stands as a safeguard against imprisonment of those held in violation of the law." Harrington v. Richter, 562 U.S. 86, 91 (2011); see also Öztürk v. Hyde, 136 F.4th 382, 393 (2d Cir. 2025). The Court may issue a writ under Section 2241 "whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" Wang v. Ashcroft, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." Lopez v. Sessions, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing Demore v. Kim, 538 U.S. 510, 516-17 (2003)).

---

[1] As set forth *infra*, petitioner prevails on the first ground. Therefore, the Court need not consider petitioner's other grounds. The Court notes, however, that several of the petition's allegations and arguments appear to have been cloned from some other case (*e.g.*, references to petitioner being "seized on the street," impliedly in a "dragnet" operation). The Court cautions petitioner's counsel to include only relevant and accurate facts and arguments in future habeas petitions. "Individuals in petitioner's position need zealous advocates, not 'cut-and-paste lawyering.'" Morales Jimenez v. Shanahan, No. 26-cv-1501, 2026 WL 1309291, at *3 (E.D.N.Y. May 13, 2026) (quoting Tuba Pulla v. Lyons, No. 26-cv-2682, 2026 WL 906251, at *1 (S.D.N.Y. Apr. 1, 2026)).

## II.   Analysis

Respondents assert that petitioner is detained under § 1225(b)(1)(B)(ii), which provides: "If the [asylum] officer determines at the time of the [credible fear] interview that an alien has a credible fear of persecution ... the alien shall be detained for further consideration of the application for asylum."  Respondents' position is without merit. Petitioner received a credible fear determination from an asylum officer *twelve years before* his instant detention; the asylum application that petitioner filed in connection with that determination *was withdrawn* upon dismissal of his removal proceedings in 2023.  Thus, when ICE arrested petitioner on April 24, 2026, he did not have a pending asylum application, and so he could not have been detained under § 1225(b)(1)(B)(ii).[2]

So, under what statute is petitioner detained?  Following the Second Circuit's recent decision in Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026), the answer to that question must be § 1226(a), making petitioner's detention discretionary and rendering him eligible for a bond hearing.[3]  In Barbosa da Cunha, the Second Circuit held that § 1226(a) applies to noncitizens "who are present in the United States, but charged as inadmissible for entering the country without inspection and admission."  Id. at 73.  That

---

[2]Respondents cannot alternatively use petitioner's June 5, 2026 asylum application to justify the detention that preceded it.  ICE "is bound by the bases it used to justify its decision – here the arrest and detention – in the first instance, not reasons it comes up with afterwards."  Inestroza Carbajal v. Frazier, No. 26-cv-2778, 2026 WL 1309265, at *1 (E.D.N.Y. May 12, 2026).

[3] Barbosa da Cunha forecloses the possibility that some other subsection of § 1225 applies. "A noncitizen cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226, so if [p]etitioner was detained pursuant to one provision, []he cannot be subject to the other."  Tumba v. Francis, 813 F. Supp. 3d 394, 402 (S.D.N.Y. 2025) (internal quotation marks and citation omitted).

4

definition plainly includes petitioner, whose present detention precipitated from an arrest within the interior over 12 years after his entry into the country.[4]

**CONCLUSION**

Petitioner's detention falls under § 1226(a), and so his habeas petition is granted. The Government must provide petitioner with a bond hearing forthwith.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
        July 5, 2026

---

[4] There are some differences between the instant case and <u>Barbosa da Cunha</u>. Of note, petitioner was *re-*apprehended within the interior after being initially apprehended at the border; Barbosa da Cunha was apprehended in the interior, decades after entering the country. But that difference doesn't warrant a different result because ICE decided not to keep petitioner in custody (and to dismiss his removal proceedings). Petitioner is still "deemed to be an 'applicant for admission' by Section 1225(a), but he is not 'seeking admission' because he is not requesting lawful entry into the United States after inspection and authorization." <u>Id.</u> at 96.